**Dana J. BEESON, Appellant,**

v.

**Dorothy Lou BEESON, Appellee.**

**No. 6812.**

Court of Civil Appeals of Texas, El Paso.

Feb. 28, 1979.

John Saleh, Lamesa, for appellant.

Michael L. McLeaish, Odessa, for appellee.

## OPINION

WARD, Justice.

This case involves a jurisdiction question under Section 5 of the Texas Probate Code. The Appellant contested the Appellee's application for probate of a will. The application was filed in the County Court at Law of Ector County, but on the motions of both parties was transferred to the District Court of Ector County.

The Appellant attacks the jurisdiction of the District Court to hear a probate proceeding originally filed in the Ector County Court at Law. Section 5 of the Texas Probate Code was amended in 1973 to divide the district courts' jurisdiction over probate matters into two categories. Schwartzel and Wilshusen, Texas Probate Jurisdiction —There's a Will, Where's the Way?, 53 Texas L.Rev. 323 (1975.) Section 5(b) concerns "Group I Counties"—those counties without a statutory county court. In these counties an application for probate must be filed and heard in the county court unless the matter is contested. In contested matters a 1975 amendment gives the parties the right to transfer the proceedings to the district court. Schwartzel and Wilshusen, Texas Probate Jurisdiction: New Patches for the Texas Probate Code, 54 Texas L.Rev. 372, 380 (1976).

In contrast is Section 5(c) which applies to "Group II Counties"—counties with statutory probate courts or county courts at law. This Section provides that all applications must be filed and heard in the probate court, the county court at law, or in the constitutional county court, "rather than the district courts." There is no transfer exception. As was said in *Sumaruk v. Todd*, 560 S.W.2d 141 (Tex.Civ.App.—Tyler 1977, no writ):

There is no question that this section provides that in counties . . . in which there are both district and statutory courts, the statutory probate court has exclusive jurisdiction over applications, petitions and motions regarding probate and administration.

As summarized by Woodard & Smith, 17 Tex.Prac. Chap. 1, Section 2 (Supp.1978):

. . . In counties having no statutory court exercising probate jurisdiction, the district court may sit as a probate court when a contested matter is transferred to it on the motion of a party or of the county judge. *In all other counties, the district court has no original jurisdiction in probate proceedings,* . . . (Emphasis added)

These authorities lead to the conclusion that the District Court had no jurisdiction and therefore should enter an order of dismissal. *Butts v. Ailshie,* 521 S.W.2d 155 (Tex.Civ. App.—El Paso 1975, no writ).

The Appellee argues that even if the transfer was in error, the Appellant agreed to the transfer and is therefore estopped from contesting it. Jurisdiction cannot be conferred by consent or estoppel; it exists by virtue of the Constitution and Statutes and is a matter of law. *Daniel v. Dallas Independent School District,* 351 S.W.2d 356 (Tex.Civ.App.—El Paso 1961, writ ref'd n. r. e.); *Nevitt v. Wilson,* 116 Tex. 29, 285 S.W. 1079 (1926).

The District Court of Ector County had no jurisdiction of this case and the attempted transfer to it is a nullity. It therefore never acquired jurisdiction and any and all actions taken by the District Court are void. Jurisdiction remains in the County Court at Law under its original cause No. 6544–A. The Clerk of the District Court of Ector County is ordered to transfer all items on file in the cause to the Clerk of the County Court at Law for further proceedings as cause No. 6544–A on the docket of that Court.