**Lula MEEK et al., Appellants,**

**v.**

**Lorene MITCHUSSON, Independent Executrix, Appellee.**

**No. 5369.**

Court of Civil Appeals of Texas, Eastland.

Oct. 4, 1979.

Rehearing Denied Oct. 25, 1979.

Walter P. Wolfram, Amarillo, for appellants.

Jim J. Hatcher, Henry, Hatcher & Freeman, Gainesville, Jack G. Kennedy, Sherman, for appellee.

DICKENSON, Justice.

This case presents a question of jurisdiction in a "contested probate matter" under Tex.Prob.Code Ann. § 5 (Supp.1979). Lorene Mitchusson filed an application to probate the will of her deceased husband, Arley M. Mitchusson. Lula Meek and the other heirs at law of decedent contested that application. Following a jury trial, the will was admitted to probate. The heirs appeal. We vacate that judgment.

On March 29, 1978, the Judge of the County Court of Grayson County entered

an order transferring this contested probate matter to the 59th District Court of Grayson County pursuant to Probate Code Section 5(b), supra, which provides that in those counties where there is no statutory court exercising the jurisdiction of a probate court, the judge of the county court may transfer contested probate matters to the district court.

The County Court at Law No. 2 of Grayson County was authorized by Tex. Rev.Civ.Stat.Ann. art. 1970–332a (Supp. 1979), and it was activated by a resolution of the Commissioner's Court "effective January 16, 1978." That court is a statutory court exercising the jurisdiction of a probate court. Consequently, the transfer order dated March 29, 1978, was not authorized by Probate Code Section 5(b), supra. The District Court did not acquire jurisdiction, and its judgment is void. *Beeson v. Beeson*, 578 S.W.2d 517 (Tex.Civ.App.—El Paso 1979, no writ). The error of the trial court in assuming jurisdiction where none exists is fundamental error which can be raised for the first time on appeal. *Newman v. King*, 433 S.W.2d 420, 422 (Tex. 1968).

The judgment of the trial court is vacated. The transfer order dated March 29, 1978, is also vacated. Jurisdiction of this contested probate matter remains in the constitutional County Court under Probate Code Section 5(c), supra. The Judge of the County Court at Law No. 2 is authorized by Article 1970–332a, supra, to hear this contested probate matter, and the constitutional County Court Judge is authorized to transfer this matter to the County Court at Law No. 2 of Grayson County under that statute. The costs of this appeal are taxed one-half against appellants and one-half against appellee.