Ruby Lee **GAYNIER, Individually and as Independent Executrix of the Estate of William M. Gaynier, Deceased, Appellant,**

v.

Reuben M. **GINSBERG, et al., Appellee.**

No. 05–88–00123–CV.

Court of Appeals of Texas, Dallas.

Dec. 12, 1988.

David M. Stagner, Rim Nall, Sherman, for appellant.

Reuben M. Ginsberg, Donald J. Forman, Dallas, for appellee.

Glenn Justice Mortgage Co., Dallas, pro se.

Before STEPHENS, STEWART and ROWE, JJ.

STEPHENS, Justice.

This is an appeal from an order dismissing Gaynier's claims for lack of jurisdiction. Gaynier asserts in two points of error that the trial court erred in granting Ginsberg's plea to jurisdiction, motion to dismiss and, in the alternative, plea in abatement because the district court has competent jurisdiction and because Ginsberg's motion was not timely filed. We sustain Gaynier's first point of error and remand the cause to the trial court with instructions to reinstate.

The case was filed by Ruby Lee Gaynier, Individually and as Independent Executrix of the Estate of William M. Gaynier, Deceased (hereinafter "Gaynier") on November 12, 1981, for cancellation of two deeds, a statutory claim in trespass to try title, removal of cloud from title, slander of title, breach of fiduciary relationship, fraud, for

imposition of a constructive trust, removal of Ginsberg as Trustee, for actual and punitive damages, and for an accounting. Gaynier complains of Ginsberg, individually, and doing business as a general partner in 505 North Ervay Building, a partnership or joint venture, and as trustee under the will of William M. Gaynier, deceased, as well as his successors in title to the property which is in part the subject of this litigation.

In sum, Gaynier contends that the two deeds in Ginsberg's chain of title are void or, in the alternative, voidable. The first deed, dated January 3, 1972, purportedly signed by Gaynier's deceased husband, is alleged to be a forgery. The second deed, dated March 27, 1972, signed by appellant, purports to ratify and confirm the January 3, 1972 deed. Mrs. Gaynier claims no knowledge of executing the March 27, 1972 deed, nor the existence of either deed until 1981, and she claims that the March deed was executed and signed by her as a result of fraud and breach of fiduciary duty owed to her by her attorney, Ginsberg.

Although this case has been pending since 1981, Gaynier has yet to have her day in court before a jury. 1984 and 1985 were consumed in the appellate courts litigating discovery disputes. *See Gaynier v. Johnson,* 673 S.W.2d 899 (Tex.App.—Dallas 1984), *overruled sub nom., Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105 (Tex.1985). Following resolution of the discovery issues, the court below granted a summary judgment. Gaynier appealed and this Court reversed and remanded the case for trial. *Gaynier v. Ginsberg,* 715 S.W.2d 749 (Tex.App.—Dallas 1986, writ ref'd n.r. e.). On the eve of trial, after the case had been pending in the district court for six years, appellees filed their "Plea to Jurisdiction, Motion to Dismiss, and, in the Alternative, Plea in Abatement." The record reflects that on November 6, 1987, the trial court judge granted the motion to dismiss.

Article five, section eight of the Texas Constitution as amended in 1973 provides that "the district court, concurrently with the county court, shall have the general jurisdiction of a probate court. It shall ...

transact all business appertaining to deceased persons." Tex.S.J.Res. 26, 63rd Leg., 1973 TEX.GEN.LAWS 2471; TEX. CONST. art. V, § 8 (1891 amended 1973). The amendment further provides that the legislature shall also have the power to "increase, diminish or eliminate the jurisdiction of either the district or the county court in probate matters." *Id.*

Pursuant to this authority, the legislature promulgated sections 5 and 5A of the Probate Code to govern the jurisdiction of the probate courts. Section 5A(b) in pertinent part provides that "[i]n situations where the jurisdiction of a statutory probate court is concurrent with that of a district court, any cause appertaining to estates or incident to an estate shall be brought in a statutory probate court rather than in a district court." TEX.PROBATE CODE ANN. § 5A (Vernon 1980).

■ The final sentence in section 5A(b) does not completely divest the district court of jurisdiction over a matter which may be incident to an estate if the probate court cannot grant adequate relief. *Pullen v. Swanson*, 667 S.W.2d 359, 364 (Tex.App.— Houston [14th Dist.] 1984, writ ref'd n.r.e.). Several factors should be weighed by the district court when deciding whether to exercise its concurrent jurisdiction including the convenience of the parties, and the subject matter of the suit. *Pullen*, 667 S.W.2d at 364; *see also Potter v. Potter*, 545 S.W.2d 43, 44 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.).

■ In the instant case, Gaynier seeks, among other remedies, removal of Ginsberg as trustee. It is well settled that jurisdiction of a court is determined at the time of the filing of the original petition provided that the subject matter of the suit is within the jurisdiction of the court. *Hughes v. Atlantic Refining Co.*, 424 S.W. 2d 622, 625 (Tex.1968). At the time this case was filed the relevant statute provided no exception to the exclusive jurisdiction of the district court in matters relating to the removal of a trustee. TEX.REV.CIV. STAT.ANN. art. 7425b–24 (Vernon 1960) (repealed 1984). Therefore, the probate court would have been unable to grant the requested relief, that is, removal of Ginsberg as trustee.

Gaynier also seeks the imposition of a constructive trust. While the amendments to the Texas Constitution and the Probate Code did broaden the jurisdiction of the probate courts, they did not take away the jurisdiction of the district courts. *Weldon v. Hill*, 678 S.W.2d 268, 275–76 (Tex.App.— Fort Worth 1984, writ ref'd n.r.e.); *Mejorada v. Gonzales*, 663 S.W.2d 891, 892 (Tex. App.—San Antonio 1983, no writ). Thus, in as far as Gaynier's action concerns the imposition of a constructive trust, it was properly brought in the district court.

We hold that where it appeared from the pleadings that the suit involved issues for which the jurisdiction of the probate court was inadequate to grant the relief sought, the district court should have continued to exercise its jurisdiction. *Griggs v. Brewster*, 122 Tex. 588, 62 S.W.2d 980, 985 (1933). Accordingly, Gaynier's first point of error is sustained.

■ In her second point of error, Gaynier asserts that Ginsberg's motion to dismiss, plea to the jurisdiction and in the alternative, plea in abatement was not timely filed. We need not address the timeliness of this pleading. Subject matter jurisdiction may not be waived and, therefore, may be challenged at any time. *Duncan v. Tweedy*, 582 S.W.2d 614, 615 (Tex. Civ.App.—Dallas 1979, no writ). Accordingly, we overrule Gaynier's second point of error.

In view of the fact that this dispute has been festering for nearly seven years, it is time this litigation be concluded as soon as possible. The cause is remanded to the trial court with instructions to reinstate and to expedite.