**In the Matter of the ESTATE OF Stephen Ellis ALEXANDER, Deceased.**

No. 10–05–00155–CV.

Court of Appeals of Texas, Waco.

Feb. 22, 2006.

Dissenting Opinion Feb. 23, 2006.

Rehearing Overruled March 21, 2006.

Charles J. Paternostro, Paternostro & Associates PC, Plano, for appellant.

Mark S. Knapp, Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Appellant Ben C. Lambeth filed suit in the County Court of McLennan County, sitting as a probate court, alleging the existence of a nuncupative will made by the decedent Stephen Ellis Alexander. On Lambeth's motion, the County Court transferred the case to a McLennan Coun-

ty district court, which rendered judgment in favor of Appellees Cheryl and Deborah Alexander, Stephen's sisters, who alleged that Stephen died intestate. Because there is no legal basis for a constitutional county court to transfer a probate matter to a district court in a county in which there is a statutory county court, we will vacate the judgment of the district court and remand this cause to the district court with instructions to return the case to the constitutional county court, where jurisdiction remains.

### Background

The Alexanders filed an application to determine heirship and for an independent administration of Stephen's estate in the constitutional county court. The Alexanders filed affidavits of heirship executed by themselves, Lambeth, and one other person, each of whom affirmed that the Alexanders were Stephen's sole heirs and that he had died intestate.[1] The probate court signed an order approving the independent administration of Stephen's estate, granting letters of administration to Cheryl Alexander, and declaring Cheryl and Deborah Alexander to be Stephen's sole heirs. Cheryl filed the inventory, appraisement, and list of claims for Stephen's estate several months later, and the court signed an order approving the inventory, appraisement, and list of claims the next day.

Lambeth later filed an application to probate Stephen's alleged nuncupative will in the county court. In addition to Lambeth's request that the will be probated, he alleged causes of action for civil conspiracy, fraud, tortious interference with the rights of a beneficiary, and gross negligence of counsel (due to counsel's failure to draft a will for Stephen). Lambeth requested the imposition of a constructive trust and sought actual and punitive damages. Lambeth also requested that the case be transferred to a district court, which the county court did.

After a summary judgment hearing and a bench trial, the court rendered judgment in the Alexanders' favor and ordered Lambeth and his counsel jointly and severally to pay $5,000 as a sanction for filing a groundless suit.

### Jurisdiction

■ Though not raised by the parties, we first examine whether the district court properly exercised jurisdiction in this case. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998); *Watson v. Dallas Indep. Sch. Dist.,* 135 S.W.3d 208, 224 (Tex.App.-Waco 2004, no pet.); *Lawrence v. City of Wichita Falls,* 122 S.W.3d 322, 326 (Tex.App.-Fort Worth 2003, pet. denied).

The jurisdictional question presented here arises from the maze of jurisdictional statutes which govern probate proceedings in constitutional county courts, statutory county courts, statutory probate courts, and district courts (and which have been amended twice since this suit was filed).

Section 4 of the Probate Code defines the probate jurisdiction of a constitutional county court.

> The county court shall have the general jurisdiction of a probate court. It shall probate wills, grant letters testamentary and of administration, settle accounts of personal representatives, and transact all business appertaining to estates subject to administration, including

---

1. Contrary to his later allegations, Lambeth stated in the affidavit that he had no interest in Stephen's estate.

the settlement, partition, and distribution of such estates.

TEX. PROB.CODE ANN. § 4 (Vernon 2003).

McLennan County has two statutory county courts: the County Court at Law and the County Court at Law No. 2. TEX. GOV' T CODE ANN. § 25.1571 (Vernon 2004). McLennan County does not have a statutory probate court. Thus, these statutory county courts exercise concurrent probate jurisdiction with the constitutional county court. *Id.* §§ 25.0003(d), 25.1572(a) (Vernon 2004).

Section 5(c) of the Probate Code defines the concurrent probate jurisdiction of these courts.

> In those counties in which there is no statutory probate court, but in which there is a county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding probate and administrations shall be filed and heard in those courts and the constitutional county court, rather than in the district courts, unless otherwise provided by law. The judge of a county court may hear any of those matters regarding probate or administrations sitting for the judge of any other county court. In contested probate matters, the judge of the constitutional county court may on the judge's own motion, and shall on the motion of a party to the proceeding, transfer the proceeding to the county court at law or a statutory court exercising the jurisdiction of a probate court other than a statutory probate court. The court to which the proceeding is transferred may hear the proceeding as if originally filed in the court.

Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 104–05 (amended 2003) (current version at TEX. PROB.CODE ANN. § 5(c) (Vernon Supp. 2005)).[2]

With respect to the district courts of McLennan County, the version of section 5(a) applicable to this case provides, "The district court shall have original control and jurisdiction over executors and administrators under such regulations as may be prescribed by law." Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 104, *repealed by* Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 16, 2003 Tex. Gen. Laws 3052, 3057.

Under section 5(c), there is no provision which permits the constitutional county court to transfer a probate proceeding to a district court. Rather, the proceeding may (and if requested must) be transferred to a statutory county court[3] if there is a "contested probate matter."

Nor is such a transfer authorized by the general transfer provisions of the Government Code. *Cf. Goodman v. Summit at West Rim, Ltd.*, 952 S.W.2d 930, 934–35 (Tex.App.-Austin 1997, no pet.) (statutory

---

**2.** The 2003 amendments "apply only to a probate proceeding or other action commenced on or after the effective date of this Act," which was September 1, 2003. Act of May 28, 2003, 78th Leg., R.S., ch. 1060, §§ 17, 19, 2003 Tex. Gen. Laws 3052, 3057. The original probate proceedings in this case and Lambeth's "contest" were both filed before this date. Thus, the former version of the statute applies.

**3.** Conversely, if the probate proceeding is filed in a county "in which there is no statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court," then "the contested portion of the proceeding" may be transferred to a district court or a statutory probate court judge may be assigned "to hear the contested portion of the proceeding." Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 104 (amended 2003) (current version at TEX. PROB.CODE ANN. § 5(b) (Vernon Supp.2005)).

probate court not authorized by Government Code to transfer case to district court). Instead, section 74.121(a) of the Government Code provides that a case may be transferred between the "constitutional county courts, statutory county courts, justice courts, and small claims courts in a county" if the transferee court consents and if the case is within the jurisdiction of the transferee court. TEX. GOV'T CODE ANN. § 74.121(a) (Vernon 2005). Section 74.121(b) provides in a similar manner for the transfer of cases between a statutory county court and a district court. *Id.* § 74.121(b) (Vernon 2005).

■ Thus, when a constitutional county court transfers a probate matter to a district court when the matter should have been transferred to a statutory county court, the transfer order is of no effect and any subsequent orders rendered by the district court are void. *See Meek v. Mitchusson*, 588 S.W.2d 665, 665–66 (Tex.Civ. App.-Eastland 1979, writ ref'd n.r.e.); *Beeson v. Beeson*, 578 S.W.2d 517, 518 (Tex. Civ.App.-El Paso 1979, no writ).

■ However, there remains a narrow exception to the general rule that only constitutional county courts and statutory county courts may exercise original probate jurisdiction in a county with a court structure like McLennan County.

> [I]f a cause of action such as is here in question involves some legal or equitable right connected with the claim for the adjudication of which the powers of the probate court are inadequate to grant the claimant the full relief to which he is entitled, the district court has jurisdiction in an original action for such purpose.

*Laubhan v. Peoria Life Ins. Co.*, 129 Tex. 225, 102 S.W.2d 399, 405 (1937); *accord Griggs v. Brewster*, 122 Tex. 588, 62 S.W.2d 980, 985 (1933); *Qualia v. Qualia*, 878 S.W.2d 339, 342 (Tex.App.-San Antonio 1994, writ denied); *Gaynier v. Ginsberg*, 763 S.W.2d 461, 463 (Tex.App.-Dallas 1988, no writ); *Oldham v. Keaton*, 597 S.W.2d 938, 943 (Tex.Civ.App.-Texarkana 1980, writ ref'd n.r.e.); 17 M.K. WOODWARD & ERNEST E. SMITH, III, TEXAS PRACTICE: PROBATE AND DECEDENTS' ESTATES § 24 (1971 & Supp.2003).

■ In Lambeth's pleadings, he seeks among other things the imposition of a constructive trust. However, neither the constitutional county court nor the county courts at law have jurisdiction to impose a constructive trust in a probate proceeding. *See In re Stark*, 126 S.W.3d 635, 639–40 (Tex.App.-Beaumont 2004, orig. proceeding); *Schuele v. Schuele*, 119 S.W.3d 822, 825 (Tex.App.-San Antonio 2003, no pet.); *Enax v. Noack*, 12 S.W.3d 609, 611–12 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *Ragland v. Ragland*, 743 S.W.2d 758, 759 (Tex.App.-Waco 1987, no writ).

This is so because the statute defining what matters are "appertaining to" or "incident to an estate" provides different definitions for probate proceedings in constitutional and statutory county courts than for probate proceedings in statutory probate courts and district courts. Section 5A(b), which applies to statutory probate courts and district courts, provides that "the interpretation and administration of testamentary trusts and the applying of constructive trusts" are matters "appertaining to" or "incident to an estate" for probate proceedings in those courts. Act of April 26, 1999, 76th Leg., R.S., ch. 64, § 1, 1999 Tex. Gen. Laws 422, 422 (amended 2003) (current version at TEX. PROB.CODE ANN. § 5A(b) (Vernon Supp.2005)).

Conversely, section 5A(a), which applies to constitutional and statutory county courts, does not include a similar "trust provision" though the remainder of its provisions are virtually identical to those of

section 5A(b). *See* Tex. Prob.Code Ann. § 5A(a) (Vernon 2003) *and compare* Act of April 26, 1999, 76th Leg., R.S., ch. 64, § 1, 1999 Tex. Gen. Laws 422, 422 (amended 2003).

Therefore, because constitutional and statutory county courts do not have jurisdiction to impose a constructive trust in a probate proceeding, it could be argued that the district court was an appropriate court to transfer Lambeth's suit to because the suit "involves some legal or equitable right connected with the claim for the adjudication of which the powers of the probate court are inadequate to grant the claimant the full relief to which he is entitled." *See Laubhan,* 102 S.W.2d at 405; *Griggs,* 62 S.W.2d at 985; *Qualia,* 878 S.W.2d at 342; *Gaynier,* 763 S.W.2d at 463; *Oldham,* 597 S.W.2d at 943; 17 Woodward & Smith § 24.

However, each of these cases (and others like them) involves situations in which a separate lawsuit was filed in a district court to pursue claims which the probate court purportedly lacked jurisdiction to address. *See Laubhan,* 102 S.W.2d at 405; *Griggs,* 62 S.W.2d at 985; *Qualia,* 878 S.W.2d at 341–42; *Gaynier,* 763 S.W.2d at 463; *Oldham,* 597 S.W.2d at 943. Our research has not disclosed a case in which a constitutional county court transferred a probate proceeding *in toto* to a district court because the former lacked jurisdiction "to grant the claimant the full relief to which he is entitled." Rather, if the probate court lacks jurisdiction to grant "full relief," "the district court has jurisdiction *in an original action* for such purpose." *Laubhan,* 102 S.W.2d at 405 (emphasis added).

█ As we have stated, there is no statutory basis for a constitutional county court to transfer a probate matter to a district court in a county "in which there is no statutory probate court, but in which there is a county court at law or other statutory court exercising the jurisdiction of a probate court." *See* Act of May 1, 2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 104–05 (amended 2003) (current version at Tex. Prob.Code Ann. § 5(c)); *see also* Tex. Gov' t Code Ann. § 74.121; *cf.* Tex. Prob.Code Ann. § 5(b) (permitting a constitutional county court to transfer *"the contested portion"* of a probate proceeding to a district court in counties "in which there is no statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court") (emphasis added).

Therefore, the transfer order in this case is of no effect and any subsequent orders rendered by the district court are void. *See Meek,* 588 S.W.2d at 665–66; *Beeson,* 578 S.W.2d at 518.

Accordingly, we vacate the judgment of the district court and remand this cause to the district court with instructions to return the case to the constitutional county court, where jurisdiction remains.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Before we examine the trial court's jurisdiction, we must examine our own jurisdiction. We have no jurisdiction of this appeal.

### THE TIME LINE

January 14, 2005 Summary Judgment on all issues other than pending motions for sanctions

February 8, 2005 Notice of Appealable Order sent by district clerk

February 11, 2005 Latest date by which the appellant received actual notice of signing of judgment. Date the notice of appealable order is suggested to have been received.

February 18, 2005 Motion for extension of time to file a motion for new trial

March 23, 2005 Motion for new trial filed

March 23, 2005 Notice of appeal filed

April 22, 2005 Judgment reiterating January 14, 2005 judgment on merits, and denying one motion for sanctions and granting another motion for sanctions

## BACKGROUND FACTS

The only issues left unresolved by the January 14, 2005 judgment were pending motions for sanctions. After determining the merits of the suit by summary judgment, the January 14, 2005 judgment noted the request for sanctions remained pending and then concluded with a Mother Hubbard clause stating "All relief requested in this case and not expressly granted is denied."

After notice of an appealable order was sent to the parties on February 8, 2005, there was no effort to comply with Rule 306a(4) and (5). TEX.R. CIV. P. 306a(4) and (5).

A motion for extension of time to file a notice of appeal has not been filed. Good cause, if any, for filing a late notice of appeal has not been asserted by any party.

## FINAL JUDGMENT

The January 14, 2005 judgment was final because the only issues left unresolved were requests for sanctions. Unresolved motions for sanctions do not keep an otherwise final judgment from being final. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 312 (Tex.2000). *See Mantri v. Bergman,* 153 S.W.3d 715, 717 (Tex.App.-Dallas 2005, pet. denied); *In re Velte,* 140 S.W.3d 709, 711–712 (Tex.App.-Austin 2004, no pet.); *In re J.R.,* 123 S.W.3d 669, 671 (Tex.App.-Houston [14th Dist.] 2003, no pet.). The untimely notice of appeal did not invoke our jurisdiction.

## CONCLUSION[1]

Because we have no jurisdiction of this appeal, the only proper judgment of this Court must be a dismissal for want of jurisdiction. Because the majority skips the analysis of our jurisdiction and erroneously reviews the trial court's jurisdiction and then vacates the trial court's judgment and remands the case with instructions to "return the case to the constitutional county court," I dissent. I also note that the judgment rendered by the majority is not a judgment authorized by the Rules of Appellate Procedure. TEX.R.APP. P. 43.2. The only judgment the rule authorizes after an appellate court vacates the trial court's judgment is a dismissal of the case. TEX.R.APP. P. 43.2(f). For this reason, if no other, the judgment of the majority is erroneous.

---

1. It appears there were several causes of action of which the county court at law would not have had jurisdiction, whether in a transferred probate matter or if originally filed in a county court at law. The majority fails to explain why the method by which the parties originally found their way into a district courtroom, *i.e.,* by way of transfer as opposed to having originally filed in district court, should matter if the trial court otherwise has subject matter jurisdiction over the claim and personal jurisdiction over the parties. And because this is an issue the parties have not briefed, I decline further analysis of it at this time because it is wholly unnecessary to my analysis of a proper disposition of this appeal.