NO











 
 
 
 
 
 
  
 
 
 
 
  
 


NO. 12-09-00261-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

IN RE: SANDRA BURNS,                                '     

INDEPENDENT
EXECUTRIX

OF THE
ESTATE OF                                       '                 ORIGINAL
PROCEEDING

KENNETH
WALKER, DECEASED,

RELATOR                                                          '







                                                                                                                       

 

MEMORANDUM
OPINION

            Relator
Sandra Burns, independent executrix of the estate of Kenneth Walker, deceased,
filed a motion to dismiss the underlying proceeding for want of jurisdiction
and a motion to quash a subpoena duces tecum served by the real party in
interest.  The respondent denied each motion by written order.[1] 
In this original proceeding, Burns seeks a writ of mandamus directing the
respondent to vacate these orders and issue an order granting both motions.  We
deny the petition.

 

Background

            Kenneth
S. Walker was a beneficiary of the Kenneth S. Walker Special Trust, which was
administered by the real party in interest, Bank of America, N.A., trustee
(BOA).  On June 7, 2004, Walker executed a promissory note in the original
principal sum of $73,365.54, payable 180 days after its date to BOA as trustee
of the Kenneth S. Walker Special Trust.  Walker died on October 21, 2004, prior
to the maturity of the note.  Sandra Burns was appointed as independent
executrix of his estate approximately one month later.    

After the note matured, BOA filed an authenticated unsecured
claim in the probate proceeding and presented the claim to Burns.  Burns took
no action on the claim and stated in a deposition that she had no intention of
paying the claim.  BOA sued Burns in the district court to collect the amounts
owed under the note.  The relief BOA sought included a constructive trust on
the estate assets to which Burns had obtained title.  Burns filed a motion to
dismiss the suit for lack of jurisdiction, which the respondent denied.  

BOA prevailed in the suit and was awarded a judgment for
$79,691.72, attorney’s fees, and postjudgment interest.  Later, BOA
served Burns with a subpoena duces tecum requiring that she appear and produce
certain documents related to Walker’s estate.  Burns filed a motion to quash
the subpoena, which the respondent denied.  Burns then filed this original
proceeding.  Burns also filed a motion for temporary relief pending the
disposition of her mandamus petition.  We granted the motion.

 

Prerequisites to Mandamus

            A
writ of mandamus will issue to correct a clear abuse of discretion when there
is no adequate remedy by appeal.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135-36 (Tex.2004); Walker v. Packer, 827 S.W.2d
833, 839 (Tex.1992).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law or if it clearly fails to correctly analyze or apply the law.  Walker,
827 S.W.2d at 839-40.  If the challenged judgment or order is void, the relator
need not show that she had no adequate remedy by appeal.  See In re Sw.
Bell. Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).  

 

Jurisdiction

            Burns
contends that the County Court of San Augustine County has general jurisdiction
of probate matters, except those contested matters that are transferred to the
district court.  She points out that BOA’s suit was originally filed in the
district court, and therefore is not a contested matter that was transferred
from the county court to the district court.  Consequently, she maintains, the
respondent trial court lacked jurisdiction of the suit, and so the challenged
orders are void.  We disagree.

Probate
Jurisdiction

            District
courts are courts of general jurisdiction.  Dubai Petroleum Co. v. Kazi,
12 S.W.3d 71, 75 (Tex. 2000).  Their jurisdiction “consists of exclusive,
appellate, and original jurisdiction of all actions, proceedings, and remedies,
except in cases where exclusive, appellate, or original jurisdiction may be
conferred by [the Texas] Constitution or other law on some other court,
tribunal, or administrative body.”  Tex.
Const. art. V, § 8.  Texas Probate Code section 4 limits the
general jurisdiction of the district court by granting the county court the
general jurisdiction of a probate court.  See Tex. Prob. Code Ann. § 4 (Vernon 2003).[2]  

Section 4 provides that the county court “shall . . .
transact all business appertaining to estates subject to administration,
including the settlement, partition, and distribution of estates.”  Id. 
In county court probate proceedings, the phrases “appertaining to estates” and
“incident to an estate” include generally all matters relating to the
settlement, partition, and distribution of decedent’s estates.  Id.
§ 5A(a) (Vernon 2003).  In counties, such as San Augustine County, in
which there is no statutory court exercising the jurisdiction of a probate
court, all applications, petitions, and motions regarding probate and
administration must be filed and heard in the county court.  Id.
§ 5(b) (Vernon 2003).  

The District Court

Where, as in San Augustine County, no statutory court
exercises the jurisdiction of a probate court, the contested portion of a
probate proceeding may be transferred to the district court if the statutory
procedure is followed.  Tex. Prob. Code
Ann. § 5(b).  When a contested matter is transferred under section 5(b),
the district court has the general jurisdiction of a probate court.  Id.
§ 5(b-3) (Vernon Supp. 2008).  On resolution of the contested matter, the
district court must transfer the resolved portion of the case to the county
court for further proceedings not inconsistent with the district court’s
orders.  Id.  Burns asserts that because BOA’s suit against her
cannot be considered a contested portion of the probate proceeding, the county
court has exclusive jurisdiction of the suit under section 5(b).  

BOA points out, however, that a part of the relief it sought
in the district court was the imposition of a constructive trust.  Several
courts have concluded that a county court does not have jurisdiction to impose
a constructive trust in a probate proceeding.  See, e.g., In re Estate
of Alexander, 188 S.W.3d 327, 331 (Tex. App.–Waco 2006, no pet.); Mejorada
v. Gonzalez, 663 S.W.2d 891, 893 (Tex. App.–San Antonio 1983, no
writ).  These courts noted that the statute defining what matters are
“appertaining to an estate” and “incident to an estate” provides different
definitions for probate proceedings in statutory probate courts and district
courts than for probate proceedings in constitutional and statutory county
courts.  See, e.g., Estate of Alexander, 188 S.W.3d at
331-32; Mejorada, 663 S.W.2d at 892-93.  For statutory probate
courts and district courts, the definition includes “the interpretation and
administration of testamentary trusts and the applying of constructive trusts”;
for constitutional and statutory county courts, it does not.  Compare Tex. Prob. Code Ann. § 5A(a) with Tex. Prob. Code Ann. § 5A(b).  We
agree with the reasoning of these courts.  

It has long been the rule that when the powers of a county
court exercising probate jurisdiction are inadequate to grant full relief, the
district court has jurisdiction and may grant relief.  See Gregory
v. Ward, 118 Tex. 526, 533, 18 S.W.2d 1049, 1051 (1929).  Despite the
mandatory language of section 5(b), this rule has not changed.  See Gaynier
v. Ginsberg, 763 S.W.2d 461, 463 (Tex. App.–Dallas 1988, no writ). 
Therefore, where the pleadings show the jurisdiction of the county court is
inadequate to grant the relief sought, the district court should exercise its
probate jurisdiction.  Id.  This rule applies when a party seeks
the imposition of a constructive trust.  Id.  But the mere
request for a constructive trust is insufficient if the county court can grant
adequate relief for all claims asserted.  See In re Stark,
126 S.W.3d 635, 640 (Tex. App.–Beaumont 2004, orig. proceeding [mand. denied])
(holding that district court did not abuse its discretion by transferring
claims to county court at law where claimant pleaded for constructive trust but
damage award would provide adequate relief). 

The Trial Court’s
Orders

In its original petition, BOA
alleged in part that 

 

·        
Walker executed the note, a copy of which was attached as an
exhibit to the petition; 

 

·        
BOA timely presented its duly
authenticated claim to Burns; 

·        
Burns failed to allow the claim and stated in a deposition that
she had no intention of paying the claim; 

 

·        
Burns obtained the actual use and possession of estate assets
that should have been used to pay BOA’s claim; 

 

·        
Burns used these assets for her personal benefit at the expense
of those entitled to the estate, including BOA; 

 

·        
it is likely that there will be insufficient assets in the estate
to satisfy BOA’s claim against it;  

 

·        
Burns had obtained title to certain property of the estate and
would be unjustly enriched at BOA’s expense if allowed to retain it; and 

 

·        
BOA filed suit to collect the amounts due and owing under the
note.  

 

BOA sought a
judgment for various relief including an order for payment of the claim and the
imposition of a constructive trust.  

By their petition, BOA sought two types of relief.  One, the
order for payment of the claim, would authorize execution on estate assets; the
other, imposition of a constructive trust, would affect estate assets to which
Burns had obtained title.  The district court reasonably could have concluded
that because the county court could not impose a constructive trust, its
jurisdiction was inadequate to grant adequate relief for BOA’s claims.  Therefore,
the trial court did not abuse its discretion in denying Burns’s motion to
dismiss BOA’s suit for want of jurisdiction and her motion to quash the
subpoena duces tecum served by BOA.  Consequently, the trial court’s orders are
not void.

 

Disposition

            Because
Burns has not shown any abuse of discretion by the trial court, she has not
shown that she is entitled to mandamus relief.  Accordingly, Burns’s petition
for writ of mandamus is denied, and our stay is lifted.

 

                                                                                                SAM
GRIFFITH    

                                                                                                            Justice

 

 

Opinion delivered July 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(PUBLISH)









[1]
The respondent is the Honorable Charles Mitchell, Judge of the 273rd Judicial
District Court, San Augustine County, Texas. 

 





[2]
In 2009, the Texas Legislature repealed the statutes prescribing the
jurisdictional scheme for probate cases and enacted new legislation.  See Act
of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12, 2009 Tex. Gen. Laws
4275-78.  The new legislation was effective on September 1, 2009.  See id.,
2009 Tex. Gen. Laws at 4282.  But the changes apply only to an action filed or
a proceeding commenced on or after the effective date.  See id.,
2009 Tex. Gen. Laws at 4279.  Here, the underlying probate proceeding was
commenced on November 3, 2004.  Therefore, the former law applies.  See id. 
For simplicity, all probate code references will be to the section as it
was numbered before repeal.