

IN THE
TENTH COURT OF APPEALS

_____

No. 10-12-00043-CV

IN RE MIKEY CARROLL

_____

Original Proceeding

MEMORANDUM OPINION

Relator, Mikey Carroll, filed a declaratory judgment action relating to a probate matter in the County Court of McLennan County and filed a motion to transfer the action to a statutory probate court pursuant to Section 4D of the Texas Probate Code because it was a contested matter. *See* TEX. PROBATE CODE ANN. § 4D (West Supp. 2011). Rather than transferring the contested matter to a probate court, or even to have it assigned to a probate court, the County Court transferred the suit to the McLennan County Court at Law No. 1.[1]

---

[1] McLennan County has two statutory county courts: the County Court at Law and the County Court at Law No. 2. TEX. GOV'T CODE ANN. § 25.1571 (West 2004). We refer to the County Court at Law as County Court at Law No. 1 as the Court, itself, does.

Relator contends that the McLennan County Court at Law No. 1 does not have jurisdiction of a contested probate matter and thus any order, including the order to maintain jurisdiction of the proceeding, is void. The statute which created both of the County Courts at Law in McLennan County provides for certain criminal jurisdiction in addition to the jurisdiction provided by Section 25.0003 of the Government Code. TEX. GOV'T CODE ANN. § 25.1572(a) (West Supp. 2011). Except as to counties that have a statutory probate court, which McLennan County does not have, Section 25.0003 provides that a statutory county court has, concurrent with the county court, the probate jurisdiction provided by general law for county courts. *Id*. § 25.0003(d) (West Supp. 2011).

We have previously had the issue before this Court whether, notwithstanding that the County Court at Law No. 1 has original probate jurisdiction, it does not in fact "exercise" that jurisdiction because, as a matter of practice, all probate matters are initially filed in the County Court and contested matters will then be transferred to the County Courts at Law. *See In re Rice*, No.10-10-00010-CV, 2010 Tex. App. LEXIS 1339 (Tex. App.—Waco, Feb. 24, 2010, orig. proceeding) (mem. op.). Thus, as the argument goes, although the County Court at Law No. 1 *does have* original probate jurisdiction, it does not "exercise" that jurisdiction. We disagree with the Relator's argument and hold that in this context, Probate Code Section 4D is simply not applicable to this proceeding since none of it, whether effective September 1, 2009 or September 1, 2011, applies if

there is a statutory county court exercising probate jurisdiction in McLennan County. *See* TEX. PROBATE CODE ANN. § 4D (West Supp. 2011) (Added by Acts 2009, 81st Leg., ch. 1351, § 12(b), eff. Sept. 1, 2009, repealed by Acts 2009, 81st Leg., ch. 1351, § 13(b), eff. Jan. 1, 2014, amended by Acts 2011, 82nd Leg., ch. 1338, § 1.01, eff. Sept. 1, 2011;[2] repealed by Acts 2011, 82nd Leg., ch. 1338, § 2.54(b), eff. Jan. 1, 2014). A local practice of filing all probate matters in the County Court does not mean that the County Court at Law No. 1 is not exercising its original probate jurisdiction. *See In re Estate of Alexander*, 188 SW3d 327, 329-331 (Tex. App.—Waco 2006, no pet.) (holding that a district court did not have jurisdiction of a contested matter transferred to it from the County Court under a similar statute to the one that Relator in this proceeding wants to use to transfer this proceeding to a statutory probate court.).

Accordingly, we deny Relator's petition for writ of mandamus.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition denied
Opinion delivered and filed February 15, 2012
[OT06]

---

[2] This act added subsection b-1 and amended subsections e and g of Probate Code Section 4D. The additions and changes apply only to an action filed or other proceeding commenced on or after September 1, 2011. *See* Section 1.43(a) of Acts 2011, 82nd Leg., ch. 1338.