

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00044-CV

_____


CONNIE BRENNERS, Appellant

V.

TIMOTHY RAY GREEN, Appellee



On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 20C0021-202



Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Connie Brenners appeals the trial court's decision to impose a $20,971.18 sanction against her attorney in a lawsuit filed against her brother, Timothy Ray Green. Because we find no abuse of discretion in the trial court's decision to impose sanctions, we affirm the sanctions order.

## I.    Factual Background

Nell Heifner executed a will that appointed Green as her independent executor and left three-fourths of her estate to Green and one-fourth to Brenners. In the event Brenners became incapacitated, her distribution of assets was to be held in trust, and Green was named as the trustee of that trust.

In a lawsuit filed against Green in the 192nd Judicial District Court of Dallas County (Dallas Court), Brenners, who claimed she was incapacitated, alleged that Green secured a greater bequest of Heifner's estate through undue influence and that Green misappropriated assets belonging to her estate.[1] The suit, which included a prayer for a jury trial so that the jury could award three-fourths of Heifner's estate to Brenners, also alleged that there were ambiguities in Heifner's will and claimed that Green had committed "*a serious First-Degree Felony*" as a result of his "*brand of fraud*." Even though these same claims were previously filed by Brenners against Green in a probate proceeding in the County Court at Law of Bowie County (CCL) and Brenners's petition before the Dallas Court characterized her claims as a "Will Contest," it also asserted that venue and jurisdiction were proper in Dallas County. Because the

---

[1]Brenners and Green's father predeceased Heifner.

CCL denied Brenners's application to probate Heifner's will, which included the claims she made in the Dallas Court, and admitted the will to probate as a muniment of title, Green filed a motion to transfer venue to Bowie County.[2]  *See* TEX. EST. CODE ANN. § 257.001 (a will is admitted to probate as a muniment of title only when "the court:  (1) is satisfied that the testator's estate does not owe an unpaid debt, other than any debt secured by a lien on real estate; or (2) finds for another reason that there is no necessity for administration of the estate").

In her response, Brenners admitted that she filed the same claims raised in the Dallas Court in the CCL, but complained that the CCL would not hear the claims as a result of adverse rulings and the decision to probate Heifner's will as a muniment of title.  The Dallas Court granted Green's motion to transfer the case to the 202nd Judicial District Court of Bowie County, Texas (District Court), where Brenners filed another petition raising essentially the same claims.

Because Brenners (1) was raising the same claims as those raised in the CCL, (2) was challenging the same will she sought to admit to probate in the CCL, and (3) failed to object to or appeal the probate of Heifner's will as a muniment of title, Green filed a plea to the District Court's jurisdiction.  In support of his motion, Green attached documents showing that Brenners waited until after the CCL admitted her mother's will to probate as a muniment of title to file a motion with the CCL to transfer the case to a district court.  Because no issues were pending at the time, the CCL denied the motion to transfer the case to the district court, and we denied Brenners's petition for a writ of mandamus filed in this Court complaining of the failure to

---

[2]Even though Brenners was not the named executrix of Heifner's will, Brenners applied to admit the will to probate, while challenging it at the same time.

3

transfer the case. *In re Brenners*, No. 06-19-00049-CV, 2019 WL 2518467, at *1 (Tex. App.—Texarkana June 19, 2019, orig. proceeding) (mem. op.) (concluding that Brenners "provided nothing to suggest the trial court abused its discretion in denying her request for a transfer"). After reviewing Green's plea to the jurisdiction and supporting documents, the District Court granted the plea.

Green also moved for sanctions against Brenners's counsel, Charles J. Paternostro. At a hearing, Green's counsel rehashed the prior procedural history of the case. He testified and included documentary proof showing that Paternostro engaged in harassing conduct by threatening to send some subpoenas to third parties that were previously quashed by the CCL.[3] Green's counsel also showed that Paternostro falsely misrepresented himself to be the "Attorney for the Estate of Nell Heifner" to third parties and to the CCL, claimed in Brenners's petition that his attorney fees would be paid out of estate funds, and filed an affidavit in the Dallas Court stating that, when the CCL "refused the transfer" motion filed after Heifner's will was probated as a muniment of title, it "basically committed [Paternostro] and [Brenners] to a lifetime in Purgatory."

As a result of Brenners's petition that Paternostro filed in Dallas County, Green's counsel testified that he had to assist Green in securing counsel in Dallas to pursue this matter and was then hired to represent him before the District Court. Green's counsel set forth his hourly rate and the hourly rate of his paralegals and presented evidence showing that Green had incurred

---

[3]Green's counsel also pointed out several misrepresentations made by Brenners's counsel in his brief filed with this Court in connection with Brenners's petition for a writ of mandamus.

4

$12,101.00 in legal fees as a result of Brenners's ligation in the District Court and $8,869.00 in legal fees for litigation in the Dallas Court, for a total of $20,971.00.

The District Court granted Green's motions for sanctions for improper pleading[4] by an order that found that "good cause for the imposition of sanctions on Charles J. Paternostro exist[ed] based on Rule 13 of the Texas Rules of Civil Procedure as well as Chapter 10 of the Texas Civil Practices and Remedies Code." The order further stated,

> Charles J. Paternostro has engaged in a pattern of conduct in the filing of groundless, bad faith and frivolous pleadings and motions in the above-entitled cause. Moreover, it is apparent from the evidence and testimony presented that Mr. Paternostro previously engaged in the same or substantially similar conduct in legal actions instituted in cause number 42390-CCL in the County Court at Law of Bowie County, Texas, and cause number DC-19-09469 in the 192nd Judicial District Court of Dallas County, both of which preceded this legal action. At the hearing on this motion, Mr. Paternostro was neither able to present competent evidence or testimony to substantiate or justify his filing of the referenced pleadings and motions, nor was he able to present a good faith basis for the filing of same in the above-entitled cause.
> Based on the aforementioned conduct, Charles J. Paternostro, Plaintiff's counsel in the above-entitled cause, has violated both Rule 13 of the Texas Rules of Civil Procedure[] and Chapter 10 of the Texas Civil Practice and Remedies Code; specifically, the filing of groundless, bad faith and frivolous pleadings and motions in the above-entitled cause, the obvious intent of which was to harass Defendant. Furthermore, said counsel failed to offer a plausible legal or factual basis for the pursuit of said pleadings and motions filed before this Court.
> In view of the circumstances and the evidence presented at the hearing on this motion, the most appropriate sanction to be imposed on Charles J. Paternostro is an award of attorney's fees and costs payable to the Movant in the amount of $20,971.18 as the evidence introduced at the sanctions hearing established that Movant has incurred reasonable and necessary attorney's fees and costs in said amount. In considering lesser sanctions, Movant could not receive adequate redress to offset the fees and expenses incurred as a direct result of Mr. Paternostro's bad faith actions.[5]

---

[4]Brenners's counsel also filed a motion for sanctions against Green's attorney.

[5]In response to the order imposing sanctions, Brenners filed a motion to change venue "to another District Court **outside** of Bowie County."

Brenners appeals the sanctions order and asks that we impose sanctions against Green's attorney.

## II.    Standard of Review

"We review a trial court's order on a motion for sanctions under Rule 13 and Section 10.001 for an abuse of discretion." *Orbison v. Ma-Tex Rope Co.*, 553 S.W.3d 17, 35 (Tex. App.—Texarkana 2018, pet. denied) (citing *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Mobley v. Mobley*, 506 S.W.3d 87, 93 (Tex. App.—Texarkana 2016, no pet.) ("an appellate court will not hold that a trial court abused its discretion in levying sanctions if some evidence supports its decision"); *R.M. Dudley Const. Co. v. Dawson*, 258 S.W.3d 694, 707, 709 (Tex. App.—Waco 2008, pet. denied)). "We will reverse the trial court's ruling 'only if the trial court acted without reference to any guiding rules or principles, such that its ruling was arbitrary or unreasonable.'" *Id.* (quoting *Mobley*, 506 S.W.3d at 93 (quoting *Low*, 221 S.W.3d at 614)).

"In considering a motion for sanctions, the trial court is to presume that the pleadings were filed in good faith." *Id.* (citing *Low*, 221 S.W.3d at 614; *see* TEX. R. CIV. P. 13). "It is the burden of the party seeking sanctions to overcome the presumption of good faith." *Id.* (citing *Low*, 221 S.W.3d at 614 (citing *GTE Commc'ns Sys. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993)).

"To prevail on a motion for sanctions under Rule 13, the movant must establish that the suit was (1) groundless and (2) brought either in bad faith or for the purpose of harassment." *Id.* (citing *Mobley*, 506 S.W.3d at 94 (citing TEX. R. CIV. P. 13)). "'Groundless' for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension,

6

modification, or reversal of existing law." TEX. R. CIV. P. 13. Such a finding "turns on the legal merits of a claim." *Mobley v. Mobley*, 506 S.W.3d 87, 94 (Tex. App.—Texarkana 2016, no pet.). "For the purposes of imposing sanctions, 'harassment means that the pleading was intended to annoy, alarm, and abuse another person.'" *Akinwamide v. Transp. Ins. Co.*, 499 S.W.3d 511, 527 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (quoting *Parker v. Walton*, 233 S.W.3d 535, 540 (Tex. App.—Houston [14th Dist.] 2007, no pet.)).[6] "In deciding whether a pleading was filed in bad faith or for the purpose of harassment, the trial court must measure a litigant's conduct at the time the relevant pleading was signed." *Mobley*, 506 S.W.3d at 94 (quoting *Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 139 (Tex. App.—Texarkana 2000, no pet.)).

## III. Analysis

Brenners does not argue that the District Court erred in finding that the claims raised before it and before the Dallas Court were the same ones that were previously raised in the CCL. Brenners also does not challenge the District Court's order granting Green's plea to the jurisdiction. Instead, she argues that her counsel should not have been sanctioned.

At the hearing on Green's motion for sanctions, the District Court noted, "There's no question that the pleadings that were filed in this court were not necessary," were frivolous, and resulted in the case being "drug from Bowie County over to Dallas County" where "[a]dditional

---

[6]"Under Section 10.001, the movant must establish '(1) that the pleading or motion was brought for an improper purpose, (2) that there were no grounds for the legal arguments advanced, or (3) that the factual allegations or denials lacked evidentiary support.'" *Orbison*, 553 S.W.3d at 35 (quoting *Mobley*, 506 S.W.3d at 95 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 10.001)). As explained below, because we find no abuse of discretion in the District Court's decision to impose sanctions under Rule 13, we need not conduct a Rule 10.001 analysis.

7

trips to Dallas" and "[a]dditional attorneys were involved . . . unnecessarily."  The trial court's comments shed light on its finding of groundlessness.

The claims Brenners filed in both the Dallas Court and District Court were the same challenges to Heifner's will that were filed in the CCL.  Under the Texas Estates Code, only the CCL had jurisdiction over these claims that were raised before Heifner's will was admitted to probate as a muniment of title.  *See* TEX. EST. CODE ANN. § 32.001(a) ("All probate proceedings must be filed and heard in a court exercising original probate jurisdiction.  The court exercising original probate jurisdiction also has jurisdiction of all matters related to the probate proceeding . . . . ").  Brenners did not appeal any judgment entered by the CCL.  Instead, even though neither the Dallas Court nor the District Court had jurisdiction over her claims, Brenners refiled her claims in those courts.  Paternostro signed the petitions after falsely representing in those petitions that his attorney fees could be recovered from Heifner's estate, despite the CCL's finding that there was no need for administration of an estate.  As a result, we find no abuse of discretion in the District Court's decision that Brenners's claims had no basis in law or fact.

Likewise, we find no abuse of discretion in the District Court's finding that Brenners's petition was intended to annoy, alarm, and abuse Green.  The District Court found that Paternostro engaged in a pattern of harassing behavior.  By the time the petition was in the District Court, he (1) had filed a baseless motion to transfer the case in the CCL after Heifner's will was admitted as a muniment of title; (2) had raised claims previously raised in the CCL with the Dallas Court, which had no jurisdiction to decide the claims; (3) falsely held himself out as the attorney for Heifner's estate; (4) claimed without basis that his attorney fees would be paid

8

out of Heifner's estate; (5) threatened to send subpoenas that were previously quashed by the CCL; (6) required Green to expend resources fighting claims without legal basis in the Dallas Court and District Court; (7) sought a jury trial for the baseless claims; and (8) filed a petition for a writ of mandamus in this Court, which we concluded was "without merit." *Brenners*, 2019 WL 2518467, at *1.

Next, Brenners argues that Green presented no evidence of the reasonableness of the sanctions imposed. We disagree. The amount of sanctions awarded is left to the sound discretion of the trial court. *Low v. Henry*, 221 S.W.3d 609, 619 (Tex. 2007) (citing *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)). However, "a sanction must be neither unjust nor excessive." *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 363 (Tex. 2014). We look to the "relationship between the conduct evinced and the sanction imposed and require[] a direct nexus between the offensive conduct, the offender, and the sanction award." *Id.* "A just sanction must be directed against the abusive conduct with an eye toward remedying the prejudice caused to the innocent party, and the sanction must be visited upon the true offender." *Id.* "A court must attempt to determine whether the offensive conduct is attributable to counsel only, to the party only, or to both." *Id.* Brenners's petition claimed that she was incapacitated. As a result, the District Court determined that the sanctionable conduct included pleadings signed and filed by Paternostro and actions and misrepresentations made by him. As a result, the sanctions were ordered paid by Paternostro directly and not by Brenners.

We also consider "the proportionality of the punishment relative to the misconduct" to determine whether sanctions are just and not excessive. *Id.* "Not only should a punishment (i.e.,

9

sanctions) fit the crime (i.e., the triggering offense), the sanction imposed should be no more severe than necessary to satisfy its legitimate purposes." *Id.* "Legitimate purposes may include securing compliance with the relevant rules of civil procedure, punishing violators, and deterring other litigants from similar misconduct." *Id.* Thus, courts must "consider less stringent sanctions and weigh whether such lesser sanctions would serve to promote compliance." *Id.* Here, the District Court looked to Paternostro's pattern of behavior, which included filing the same claims that were raised in the CCL with both the Dallas Court and the District Court, and the filing of a meritless petition for a writ of mandamus in this Court. In fashioning the appropriate sanction, the trial court took evidence of the attorney fees Green had accumulated in the District Court and Dallas Court and this evidence went uncontested at the hearing. Due to Paternostro's conduct and evidence of the amount of attorney fees presented at the hearing, we find no abuse of discretion in the trial court's finding that $20,971.18 was an appropriate and just sanction.[7]

## IV. Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice


Date Submitted: November 23, 2020
Date Decided: December 11, 2020

---

[7]Although not part of our analysis, we note that this is not the first time Paternostro has been sanctioned for filing frivolous and harassing pleadings. *See Estate of Huffhines*, No. 02-15-00293-CV, 2016 WL 1714171, at *8 (Tex. App.—Fort Worth Apr. 28, 2016, pet. denied) (per curiam) (upholding sanction of $32,500.00 in attorney fees against Paternostro); *see also In re Estate of Alexander*, 188 S.W.3d 327, 329 (Tex. App.—Waco 2006, no pet.).