**In re Bob Marshall DENISON.**

No. 11–04–00176–CV.

Court of Appeals of Texas, Eastland.

Sept. 16, 2004.

Rehearing Overruled Oct. 21, 2004.

Isaac M. Castro, Castro & Davis, Attorneys At Law, Hamlin, and Vance Stanton, Attorney At Law, Dallas, Kenneth G. Leggett, Gravley, Wheeler, McCray & Leggett, PLLC, Lindsey Denison, Mark S. Zachary, McMahon, Surovik, Suttle, Buhrmann, Hicks & Gill, Abilene, C. Wilson Shirley, III, Robert L. Kaminski, Savrick, Schumann, Johnson, McGarr, Kaminski, & Shirley, Glenn M. Karisch, Barnes & Karisch, Barnes & Karisch, P.C., Attorneys At Law, Austin, for relator.

Bobby F. McGough, Aspermont, pro se.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

TERRY McCALL, Justice.

This is an original mandamus proceeding concerning the failure of the county court to assign a statutory probate court judge to hear certain proceedings regarding the probate of the Estate of Ida Baldwin Denison, deceased. Relator, Bob Marshall Denison, filed a petition for an accounting under TEX. PROB. CODE ANN. § 149A (Vernon 2003). Relator also filed a motion seeking the assignment of a statutory probate court judge to hear both the motion for assignment and the petition for accounting. The county court denied relator's motion for assignment, and relator brought this mandamus proceeding to compel the county court to appoint a statutory probate court judge to hear these matters. We deny relator's petition for a writ of mandamus.

■ Mandamus is an extraordinary remedy available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). Mandamus will not issue absent "compelling circumstances." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex.1996). To obtain mandamus relief, the relator must demonstrate a clear abuse of discretion or a violation of a legal duty for which there is no adequate remedy at law. *In re Epic Holdings, Inc.*, 985 S.W.2d 41, 56 (Tex.1998); *Walker v. Packer, supra* at 839–40. A party establishes that no adequate remedy at law exists by showing that he is in real danger of permanently losing his substantial rights. *Canadian Helicopters Limited v. Wittig*, 876 S.W.2d 304, 306 (Tex.1994).

In this case, both the petition for an accounting and the motion for assignment were filed on November 5, 2003. The county court denied the motion for assignment on March 1, 2004. It is not clear what has become of the 2003 petition for accounting, but a previous petition for accounting was addressed in the district court.

■ Pursuant to TEX. PROB. CODE ANN. § 5(b) (Vernon Supp.2004–2005), in counties such as Stonewall County where there is no statutory probate court, no county court at law, and no other statutory court exercising probate jurisdiction:

> [A]ll applications, petitions, and motions regarding probate and administrations shall be filed and heard in the county court. In contested probate matters, the judge of the county court may on the judge's own motion or shall on the motion of any party to the proceeding, according to the motion:
>
> (1) request the assignment of a statutory probate court judge to hear the contested portion of the proceeding . . .; or
>
> (2) transfer the contested portion of the proceeding to the district court, which may then hear the contested matter as if originally filed in district court.

However, TEX. PROB. CODE ANN. § 5(b–1) (Vernon Supp.2004–2005) provides:

> *If the judge of the county court has not transferred a contested probate matter to the district court* at the time a party files a motion for assignment of a statutory probate court judge, the county judge shall grant the motion and may not transfer the matter to district court unless the party withdraws the motion. (Emphasis added)

At the hearing on the motion for assignment in February 2004, the county court recognized that the contested probate matters, including a will contest and the original petition for accounting, were before the

district court. All of the contested issues in this case had been before the district court; none had been assigned to a statutory probate court judge. Attached to both the petition for writ of mandamus and the response thereto is an order dated May 22, 1998. In that order, the county court had ruled as follows:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the above captioned cause be transferred to the 39th Judicial District Court of Stonewall County, Texas, for hearing on such contested issues.

Because the county court had transferred the cause to the district court for a hearing on contested issues, we cannot find that the county court clearly abused its discretion or violated a legal or ministerial duty by failing to assign a statutory probate court judge to hear the petition for a subsequent accounting or the motion for assignment itself. *See* Section 5(b–1); *Cf. In re Vorwerk*, 6 S.W.3d 781 (Tex.App.-Austin 1999)(granting mandamus relief for failure of county court to assign a statutory probate court judge to hear a contested probate matter). In contrast to the circumstances in *Vorwerk*, contested issues in the probate of Ida Baldwin Denison's estate had already been transferred to district court. We do not believe that the language of Section 5(b) or Section 5(b–1) mandated an assignment of a statutory probate court judge in these circumstances. Moreover, the goal of judicial efficiency would be frustrated if both the district court judge and a statutory probate court judge were hearing contested issues involving an accounting of the same estate. Consequently, relator has not demonstrated that such compelling circumstances exist so as to make mandamus an appropriate remedy.

The petition for writ of mandamus is denied.