**In re Rodney OESTREICH, Guardian.**

No. 04–06–00455–CV.

Court of Appeals of Texas, San Antonio.

Nov. 22, 2006.

Rehearing Overruled Dec. 20, 2006.

Cathy J. Sheehan, Patrick H. Autry, Lewin Plunkett, Plunkett & Gibson, Inc., San Antonio, for appellant.

J. Ken Nunley, Joe M. Davis, Kelly Putney Rogers, Nunley Davis Jolley Cluck Aelvoet L.L.P., Boerne, Stephen B. Schulte, Stephen B. Schulte, P.C., Kerrville, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

Relator Rodney Oestreich seeks a writ of mandamus compelling the Honorable Stephen B. Ables, Judge of the 216th District Court, Gillespie County, to withdraw his order retaining jurisdiction of Oestr-

**2.** Parker's transfer request was based on § 608 of the Texas Probate Code, a provision that has no application in this case. Section

eich's lawsuit filed in the county court. We conditionally grant the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

The Gillespie County Court appointed Rodney Oestreich to be guardian of Roscoe Parker's person and estate. Shortly thereafter, two guardianship-related motions were filed in the county court. First, Cynthia Parker filed a motion for new trial challenging Oestreich's appointment. Second, Oestreich filed a motion for authority to act on behalf of the ward, seeking court approval to take certain financial actions, including terminating any agreements not in the interest of the estate. In response, Lavon Parker ("Parker") filed a notice of appearance. This notice stated Parker was a lessee of real property in the guardianship estate, asserted the matter was contested, and requested a transfer to the district court "for all further proceedings related to this guardianship estate" under § 608 of the Texas Probate Code.[2] The county court granted the motion and ordered the "matter" transferred to the district court for "further proceedings herein on any contested matters."

In the months that followed, the foregoing motions were resolved. The motion for new trial was overruled by operation of law and no appeal was filed.[3] An agreed order was reached on the motion for authority. In July 2005, the district court held a hearing at which Oestreich and Parker appeared by counsel. Finding there were no contested matters before it, the district court ruled the entire case

608 authorizes the judge of statutory probate court—not a county court—to transfer or "pull in" a matter from another court. *See* TEX. PROB.CODE ANN. § 608 (Vernon Supp. 2006).

**3.** Cynthia died in February 2005 and her lawyer was permitted to withdraw from the case.

should be referred back to the county court. Although not signed until April 17, 2006, the district court's written transfer order "remands the entire case to the County Court of Gillespie County, Texas for all further proceedings herein. . . . [E]ffective July 19, 2005."

On September 9, 2005, Oestreich, acting as guardian, filed suit[4] against Parker in the county court. Oestreich's suit was accompanied by a motion requesting the appointment of a statutory probate judge to hear "the contested portion(s) of this proceeding" under § 606 of the Texas Probate Code. Oestreich later amended his petition, naming Chad Holmes and Tim Holmes ("the Holmeses") as additional defendants. A statutory probate judge was assigned, but declined to hear Oestreich's suit. On May 10, 2006, the district court ordered that "it has and retains jurisdiction of all contested matters herein and specifically this suit against Lavon Parker, Chad Holmes and Tim Holmes."

Oestreich then instituted this mandamus proceeding, claiming the district court abused its discretion in exercising jurisdiction over the suit. This court stayed the district court proceedings, and requested a response from the respondent and the real parties in interest, Parker and the Holmeses.

## STANDARD FOR MANDAMUS REVIEW

Mandamus may issue to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex.2005); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A writ of mandamus is appropriate when a trial court issues an order beyond its jurisdiction. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.

2000) (orig. proceeding) (citing *In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998)). Because such an order is void, a relator is not required to show it lacks an adequate appellate remedy. *Id.*

## GUARDIANSHIP JURISDICTION

Jurisdiction of guardianship cases is controlled by Section 606 of the Texas Probate Code, titled "Jurisdiction with Respect to Guardianship Proceedings." Section 606(b) provides: "In those counties in which there is no statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding guardianships, mental health matters, and other matters covered by this chapter shall be filed and heard in the county court." TEX. PROB.CODE ANN. § 606(b) (Vernon Supp.2006). Gillespie County does not have a statutory probate court, county court at law, or other statutory court exercising probate jurisdiction. *See* TEX. GOV'T CODE ANN. §§ 25.0041–25.2512 (Vernon 2004) (designating statutory probate courts and county courts at law); *id.* § 26.186(a) (Vernon 2004) (prescribing jurisdiction of the Gillespie County Court). Therefore, in Gillespie County, guardianship matters are filed and heard in the county court. TEX. PROB.CODE ANN. § 606(b) (Vernon Supp.2006).

This statute also sets out an exception. The county court may—and on a party's motion must—request the assignment of a statutory probate court judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court. TEX. PROB. CODE ANN. § 606(b)(1), (2) (Vernon Supp. 2006). After an assignment or transfer, the county court "continue[s] to exercise

---

4. The suit seeks declaratory relief and alleges claims for breach of fiduciary duty, breach of contract, fraud, fraud in the inducement, and conversion.

jurisdiction over the management of the guardianship with the exception of the contested matter until final disposition of the contested matter is made by the assigned judge or the district court." TEX. PROB. CODE ANN. § 606(b–4) (Vernon Supp.2006). "On resolution of a contested matter, including an appeal of a matter, the district court **shall** transfer the resolved portion of the case to the county court for further proceedings not inconsistent with the orders of the district court." TEX. PROB.CODE ANN. § 606(b–3) (Vernon Supp.2006) (emphasis added). Thus, the probate code imposes a duty on the district court to return the resolved portion of the proceeding to the county court. *Id.; see* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) (use of the word "shall" imposes a duty).

## ANALYSIS

■ A court may exercise only the jurisdiction conferred on it by the constitution or by statute. *Goodman v. Summit at West Rim, Ltd.,* 952 S.W.2d 930, 933 (Tex.App.-Austin 1997, no pet.); *Beeson v. Beeson,* 578 S.W.2d 517, 518 (Tex.Civ.App.-El Paso 1979, no writ). Here, the record shows—and no one disputes—the initial contested matters were resolved and the district court returned the entire proceeding to the county court as required by the probate code. Under these circumstances, the district court had no authority to exercise jurisdiction over Oestreich's subsequent suit. By transferring the proceeding back to the county court, the district court was divested of jurisdiction. We conclude that the district court's order retaining jurisdiction is void. *See In re Estate of Alexander,* 188 S.W.3d 327, 331 (Tex.App.-Waco 2006, no pet.) (county court's transfer of a probate matter to the district court in the absence of statutory authority rendered district court's subsequent orders void); *Meek v. Mitchusson,*

588 S.W.2d 665, 666 (Tex.Civ.App.-Eastland 1979, writ ref'd n.r.e.) (when the probate code did not authorize the district court to acquire jurisdiction, its judgment was void).

■ We are authorized to issue a writ of mandamus when a court issues an order beyond its jurisdiction. *See In re Southwestern Bell,* 35 S.W.3d at 605 (granting mandamus relief when the trial court vacated its order after its plenary power had expired). We, therefore, conditionally grant the writ of mandamus and direct the Honorable Stephen B. Ables to vacate his order retaining jurisdiction within ten days from the date of this opinion. We are confident that Judge Ables will promptly comply, and the writ will issue only if he does not.