

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00404-CV

**IN RE** the **ESTATE OF** Alberto **TREVIÑO**, Jr.

Original Mandamus Proceeding[1]

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 6, 2013

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The second motion for rehearing filed by real party in interest Ethelina Gloria Lopez Treviño on October 7, 2013 is denied. This court's opinions and order dated September 25, 2013 are withdrawn. This opinion is substituted for the previously issued majority opinion and concurring and dissenting opinion.

On June 24, 2013, relator Alberto Treviño, III, ("Treviño") filed a petition for writ of mandamus complaining of the trial court's order transferring the underlying probate proceeding from the constitutional county court in Zapata County to the 49th Judicial District Court in Zapata County, and the denial of relator's request for assignment of a statutory probate court judge to hear

---

[1] This proceeding arises out of Cause No. P-01796, styled *In re the Estate of Alberto Treviño, Jr.*, pending in the County Court, Zapata County, Texas, the Honorable Joe Rathmell presiding.

and determine the entire probate proceeding. We conditionally grant the petition for writ of mandamus.

### FACTUAL AND PROCEDURAL BACKGROUND

Alberto Treviño, Jr. died testate on March 7, 2013. His wife, Ethelina Gloria Lopez Treviño ("Gloria"), filed an application to probate a 2005 will and request to be appointed executrix in the county court of Zapata County that same day.[2] On March 11, 2013, Gloria filed, on her own behalf and purportedly on behalf of the estate, an Original Petition, also in Zapata county court, seeking a declaratory judgment, injunctive relief and damages based on allegations of breach of fiduciary duty, fraud on the estate, tortious interference with inheritance, undue influence and conversion against Treviño. At the same time, Gloria filed a motion to transfer "the cause" to the 49th Judicial District Court of Zapata County pursuant to section 4D of the Probate Code based on her representation in the motion that "the matter is or will be contested and it is in the best interest of all parties due to the amount in controversy and relief requested that the cause be heard by the district court." *See* TEX. PROB. CODE ANN. § 4D(a)(2) (West Supp. 2012). The record does not reflect that Gloria requested service of her original petition on Treviño at the time it was filed. Gloria's motion to transfer does not include a certificate of service reflecting that Treviño was provided with a copy. The record does reflect that Treviño was served with the original petition, but not the motion to transfer, by a private process server on March 13th. The county court judge signed a temporary restraining order on March 11th, the day Gloria's petition was filed, setting a hearing before the county court on the temporary injunction for March 25th.[3] The temporary

---

[2] Treviño filed a separate application to probate a 2009 will and requested issuance of letters testamentary in Bexar County Probate Court No. 2 on March 11, 2013. That application and issues related to which will should ultimately be accepted for probate are not at issue in this proceeding.

[3] The temporary restraining order also provides, "This order shall expire fourteen days from the date of its issuance, unless earlier extended for good cause shown."

restraining order and order setting hearing for temporary injunction directed the county clerk to serve Treviño with a copy of the order.

On March 19, 2013, the county court judge signed an order granting Gloria's transfer motion stating, "after considering the evidence presented and the arguments of counsel . . . It is in the best interest of all parties to grant the relief requested" and ordering the "cause" transferred to the 49th Judicial District Court of Zapata County. The record does not indicate that Treviño had entered an appearance or been provided with notice of Gloria's motion to transfer to district court or any hearing on that motion before the order of transfer was signed on the 19th.

On March 22nd, Treviño filed in the county court a motion to transfer venue, opposition to probate and motion for assignment of statutory probate court judge.[4] In his motion, Treviño for the first time asserts his opposition to Gloria's application to probate the 2005 will, objects to venue in Zapata County and requests assignment of a statutory probate court judge to hear and determine the entire proceeding or, alternatively, any contested matters related to the probate proceeding, pursuant to section 4D of the Probate Code. *See* TEX. PROB. CODE ANN. § 4D(a)(1), (b-1) (West Supp. 2012).

On March 25th, Treviño filed in the 49th Judicial District Court a motion to transfer venue, plea to the jurisdiction and answer to Gloria's original petition. In this pleading, Treviño challenged the district court's jurisdiction on the basis that the transfer from county court pursuant to section 4D was ineffective to vest the district court with jurisdiction because there was no "contested probate proceeding" at the time the order of transfer was signed. Treviño also requested in his plea to the jurisdiction that the cause be returned to the county court for assignment of a

---

[4] Treviño asserts in his motion for assignment of statutory probate court judge that he obtained a copy of Gloria's motion to transfer from the county clerk on March 21st upon his request, two days after the order of transfer was signed.

statutory probate court judge. In the hearing conducted by the district court on March 25th, the judge orally denied Treviño's plea to the jurisdiction and then signed an order extending the temporary restraining order issued by the county court and setting another hearing on Gloria's application for temporary injunction for April 5, 2013. The district court then subsequently signed a temporary injunction on April 3rd and an amended temporary injunction on April 4th.[5] The record provided to this court does not indicate whether a further hearing on the request for temporary injunction was ever conducted.

Treviño then filed a motion to enter in the county court seeking a ruling on his request for assignment of a statutory probate court judge. Gloria objected to the assignment of a statutory probate court judge and to Treviño's request for the county court to rule on the motion, asserting that the issue had already been ruled upon by the district court. The county court judge signed an order denying Treviño's request for assignment of a statutory probate court judge on May 10, 2013.

Treviño filed his petition for writ of mandamus complaining of the county court's March 19th order transferring the "cause" to the 49th Judicial District Court and of the county court's May 10th order denying his request for assignment of a statutory probate court judge. This court stayed any further proceedings in the county court and in the 49th Judicial District Court as of June 25, 2013 and requested a response from the respondent and real parties in interest to the petition for writ of mandamus.

---

[5] The temporary injunction is the subject of an interlocutory appeal also pending before this court in Appeal No. 04-13-00286-CV, styled *Alberto Treviño, III and Eloisa Treviño-Yglecias v. Ethelina Gloria Lopez Treviño, Individually and on Behalf of the Estate of Alberto Treviño, Jr.*

## ANALYSIS

### *Order of Transfer to District Court*

Jurisdiction over probate proceedings is governed by section 4C(a) of the Texas Probate Code which provides, "In a county in which there is no statutory probate court or county court at law exercising original probate jurisdiction, the county court has original jurisdiction of probate proceedings." TEX. PROB. CODE ANN. § 4C(a) (West Supp. 2012). Zapata County does not have a statutory probate court or county court at law exercising original probate jurisdiction. *See* TEX. GOV'T CODE ANN. §§ 25.0041–25.2512 (West 2004 & Supp. 2012) (designating statutory probate courts and county courts at law); *id*. § 26.353 (West 2004) (designating terms for Zapata County Court as a constitutional county court). Therefore, probate matters are filed and heard in county court in Zapata County. TEX. PROB. CODE ANN. § 4C(a).

The Probate Code also provides for an exception. "[W]hen a matter in a probate proceeding is contested," the county court may, on its own motion—or must, on the motion of any party— "transfer the contested matter to the district court, which may then hear the contested matter as if originally filed in the district court." TEX. PROB. CODE ANN. § 4D(a)(2) (West Supp. 2012). The county court's authority to transfer to a district court under this provision includes only the transfer of a "contested matter." *Id*.; *Krumnow v. Krumnow*, 174 S.W.3d 820, 825 (Tex. App.—Waco 2005, pet. denied). If a request for assignment of a statutory probate court judge is made before transfer to a district court, the county judge "shall" request assignment of a statutory probate court judge and may not transfer to a district court. TEX. PROB. CODE ANN. § 4D(b) (West Supp. 2012). Under subsection (c), a party may request assignment of a statutory probate court judge "before a matter in the proceeding becomes contested." TEX. PROB. CODE ANN. § 4D(c) (West Supp. 2012). There is, however, no similar provision permitting transfer to a district court before any matter in the proceeding has become contested. *See* TEX. PROB. CODE ANN. § 4D.

The issue presented by this mandamus proceeding is whether transfer to the district court was available pursuant to section 4D on March 19th, the date of the county court's order of transfer. Treviño contends transfer to a district court was not available under 4D until some matter in the proceeding became "contested." Treviño asserts no issue in the matter was or could be considered contested until a party other than Gloria appeared challenging her application for probate or the allegations made and relief sought by her petition. We agree.

The right to transfer to a district court under section 4D does not arise at the time a matter is filed, but rather "when a matter in a probate proceeding is contested." TEX. PROB. CODE ANN. § 4D(a); *see Estate of Rosborough*, 567 S.W.2d 823, 826 (Tex. Civ. App.—Texarkana 1978, writ dism'd) (right to transfer does not exist in the absence of a contest). Unlike the cases relied upon by Gloria for her contention that the matter was "contested" at the time she filed her motion, there were no parties who had adopted adversary positions in this proceeding prior to the order of transfer. *Sivley v. Sivley*, 972 S.W.2d 850, 855 (Tex. App.—Tyler 1998, no pet.) (considering which matters, in addition to competing requests for appointment of administrator, could be considered "contested" and properly determined by district court pursuant to transfer); *Brown v. Crockett*, 601 S.W.2d 188, 190 (Tex. Civ. App.—Austin 1980, no writ) (noting factual allegations in appellee's motion for transfer, including reference to competing application for determination of heirship in Dallas County to which both appellant and appellee were parties, as indication of "contest"); *Jackson v. Thompson*, 610 S.W.2d 519, 522 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ) (concluding that county court was authorized to transfer to district court, for determination as a "contested probate proceeding," a bill of review filed by appellees after learning of codicil admitted to probate at request of appellant). Here, Gloria was the only party to the proceeding when the order of transfer was signed. While Gloria may have anticipated that Treviño would contest her application for probate or deny the allegations in her petition, we disagree that

a matter is considered "contested" based solely on the petitioner's allegations. We hold that, in keeping with the plain language of the Probate Code provision, the right of transfer to the district court did not arise until the matter was, in fact, contested by another party. The record indicates the cause was transferred before Treviño had entered an appearance or filed any response to Gloria's petition. The court abused its discretion in transferring the cause to district court on March 19th, before Treviño had appeared and contested Gloria's application and petition. Accordingly, the order of transfer to the district court must be vacated.

A court may exercise only the jurisdiction conferred upon it by the constitution or by statute. *In re Oestreich*, 219 S.W.3d 81, 84 (Tex. App.—San Antonio 2006, orig. proceeding). The district court has no original probate jurisdiction and only has authority to hear contested probate matters pursuant to a proper transfer. *See* TEX. GOV'T CODE ANN. § 24.151 (West Supp. 2012); TEX. PROB. CODE ANN. § 4D(f) (West Supp. 2012). Because the county court transferred the matter to the district court in the absence of statutory authority to do so, we conclude that the district court's orders entered after the transfer are void. *See In re Estate of Alexander*, 188 S.W.3d 327, 331 (Tex. App.—Waco 2006, no pet.) (transfer in the absence of statutory authority renders district court's subsequent orders void); *Meek v. Mitchusson*, 588 S.W.2d 665, 665-66 (Tex. Civ. App.—Eastland 1979, writ ref'd n.r.e.) (transfer order is of no effect and subsequent orders are void).

### *Denial of Request for Assignment of Statutory Probate Court Judge*

Section 4D provides that the county court judge has a mandatory duty to request assignment of a statutory probate court judge to hear a contested matter when a party files such a motion before the judge of the county court transfers the matter to a district court. TEX. PROB. CODE ANN. § 4D(b) (West Supp. 2012) (the court shall grant the motion and may not transfer the matter to district court unless the motion seeking assignment of a statutory probate court judge is withdrawn). Because the county court based its order denying the request for assignment of a

statutory probate court judge, at least in part, on "the previous transfer to the Zapata County District Court, the 49th Judicial District Court of Zapata County, Texas,"—which we have held must be vacated—the order denying assignment was also an abuse of discretion and must also be vacated. Accordingly, the county court has no discretion other than to request the assignment of a statutory probate court judge. *See* TEX. PROB. CODE ANN. § 4D(b).

### *Availability of Mandamus*

Mandamus may issue to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy by appeal. *In re Ford Motor Co*., 165 S.W.3d 315, 317 (Tex. 2005); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839-40.

The determination of whether a party has an adequate remedy by appeal requires a careful balance of jurisprudential considerations that implicate both public and private interests. *In re Ford Motor Co*., 165 S.W.3d at 318. "Whether an appellate remedy is 'adequate' so as to preclude mandamus review depends heavily on the circumstances presented and is better guided by general principles than by simple rules." *In re Prudential Ins. Co*., 148 S.W.3d 124, 137 (Tex. 2004) (orig. proceeding). An important factor to be considered is whether there was a complete lack of authority for the trial court's order. *Id*. at 137-38. Our analysis is guided by the Supreme Court's reasoning in *Prudential*:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* at 136; *see also In re Edwards Aquifer Auth.*, 217 S.W.3d 581, 590 (Tex. App.—San Antonio 2006, orig. proceeding).

Under the circumstances presented in this case, we conclude that an appellate remedy is not adequate. *See Prudential*, 148 S.W.3d at 137. Since the county court lacked statutory authority to transfer the probate proceeding to the district court before any matter in the proceeding had become contested, the district court's orders subsequent to the transfer order are void. Mandamus relief is appropriate in this instance because the error stands to impair Treviño's important substantive and procedural rights to have contested probate proceedings determined by a statutory probate court judge. We conclude that remedy by appeal under these circumstances would be inadequate. Further, mandamus relief will avoid any further expenditure of limited estate resources to have matters determined by a court which lacks proper jurisdiction. We therefore conditionally grant the petition for writ of mandamus.

## CONCLUSION

The county court abused its discretion in transferring the underlying probate proceeding to district court before a matter in the proceeding had become contested and in denying the motion requesting assignment of a statutory probate court judge. The district court's orders subsequent to the transfer are void. We further conclude that an appeal in this instance does not provide an adequate remedy. Accordingly, we conditionally grant the petition for writ of mandamus and order the judge of the constitutional county court in Zapata County to vacate the order of transfer to the district court, vacate the order denying relator's request for assignment of a statutory probate court judge, and request the assignment of a statutory probate court judge. The writ will only issue if the county court fails to do as directed. The stay of proceedings ordered by this court on June 25, 2013 is hereby lifted.

Rebeca C. Martinez, Justice